578

SMITH *v*. STATE BOARD OF BAR EXAMINERS ET AL.

[No. 29,939. Filed June 1, 1960.]

*Bowen & O'Maley*, of Richmond, for petitioner.

*Charles C. Baker*, of Indianapolis, for respondents.

LANDIS, J.—Applicant made application under Rule 3-5 of this Court for admission to the Indiana Bar based on his foreign license to practice in the State of Iowa. The State Board of Law Examiners after considering the application and reviewing the evidence bearing thereon refused to recommend applicant for admission to the bar.

Applicant has now filed in this Court pursuant to Rule 3-13A his petition to review the final determination of the State Board of Law Examiners refusing to recommend his admission to the bar.

Rule 3-5 of this Court governing Admission on Foreign License provides in part as follows:

"Any person who has been admitted to practice law in the highest court in any other state or territory of the District of Columbia of the United States, or in another country whose jurisprudence is based upon the principles of English Common Law, may be admitted to practice law in this state upon making proof satisfactory to the State Board of Law Examiners as to the following requirements:

"a. That the applicant is at least twenty-one (21) years of age, is a bona fide resident voter of the State of Indiana, and is a person of good moral character.

"b. That he is a member in good standing of the bar of the court of his admission.

"c. That he has actually engaged in the practice of law for a period of at least five (5) years of the seven (7) years immediately preceding the date of the filing of his application, and that if admitted in the State of Indiana, he intends to engage in the practice of law therein.

. . . . . .

"e. That he file with the State Board of Law Examiners a 'Judge's Certificate of Practice upon Foreign License' (Form A-4 to be provided by the Board).

"f. That the admission of the applicant shall be in the public interest.

"g. That his admission be moved in writing by a member of the bar of this court, who shall show that the applicant is a citizen of the United States, a person of good moral character, and that he is a bona fide resident voter of this state.

"The application shall be accompanied by a fee of $150.00. The secretary of the Board shall refer said application to the National Conference of Bar Examiners for investigation and report. . . ."

Applicant's petition contends the denial of his application for admission to practice law in Indiana on foreign license was contrary "to the [sic] fact or law."

The respondent State Board of Law Examiners has filed response to applicant's petition setting out that:

"Plaintiff's application for admission to practice law in the State of Indiana upon foreign license and supporting documents fail to show that petitioner had 'actually engaged in the practice of law for a period of at least 5 years of the 7 years immediately preceding the date of the filing of his application'; and failed to disclose under Question No. 12 of his application that he had been a party defendant to a criminal proceeding; namely, assault and battery, and as a result thereof said application failed to show that his admission to the Bar of the State of Indiana would be in the public interest."

An examination of applicant's petition reveals that it does not set forth "specifically therein the reasons, in fact or law, assigned as error in the Board's determination" in this matter as required by Rule 3-13A, but it further appears from the record in this cause that the evidence supports the final action of the State Board of Law Examiners in refusing to recommend applicant to this Court for admission to the bar under Rule 3-5.

Petition for review denied, and the decision of the State Board of Law Examiners is approved and confirmed.

Jackson, C. J., and Bobbitt, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 167 N. E. 2d 600.